FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ OCT 9 4 2006 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------X

LOVELL BELTON,

                Plaintiff,

  -against-

HEALTH & HOSPITALS CORP.; MEDICAL
REVIEW BOARD; BROOKLYN HOSPITAL;
any/all affiliation found in offense of this
action's behath of malpractice,

                Defendants.
-----------------------------------------X

**MEMORANDUM AND ORDER**

06-CV-4362 (DGT)

LOVELL BELTON,

                Plaintiff,

  -against-

UNITED STATES GENERAL POST OFFICE,

                Defendant.
-----------------------------------------X

06-CV-4363(DGT)

LOVELL BELTON,

                Plaintiff,

  -against-

THE FOOD & DRUG ADMINISTRATION,

                Defendant.
-----------------------------------------X

06-CV-4845 (DGT)

LOVELL BELTON,

                Plaintiff,

  -against-

N.Y.C. TRANSIT AUTHORITY,

                Defendant.
-----------------------------------------X

06-CV-5063 (DGT)

TRAGER, United States District Judge:

As may be surmised by the caption of this Order, plaintiff has filed numerous actions in this Court, the most recent four of which will be addressed in this Order, followed by a warning to plaintiff to cease filing baseless actions in this Court. This Order should not be viewed as exhibiting indifference to plaintiff's unfortunate circumstances, rather, as a careful consideration of each of the actions plaintiff has filed to date and preservation of scarce judicial resources. The Court grants plaintiff's requests to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and consolidates 06-CV-4362 (as LEAD Case) with 06-CV-4363, 06-CV-4845 and 06-CV-5063 (as MEMBER Cases) solely for the purpose of this Order. Each of the four *pro se* actions are dismissed for the following reasons.

## I. Standard of Review

In reviewing plaintiff's complaints, the Court is mindful that because plaintiff is proceeding *pro se,* his submissions should be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980). Under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "'the factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy," or (2) "the claim is 'based on an indisputably meritless legal theory.'" Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal citations omitted).

## II. Lovell Belton, the Litigant

As of today, plaintiff, a homeless citizen of New York City, has filed eleven actions in

this Court in less than two years, all of which have been dismissed *sua sponte* by the Court. Each of the eleven have been hand-written and difficult to comprehend, and usually involved a misfortune or a minor affront or transgression suffered in his daily life, annoyances that citizens with more resources for coping and less litigious natures may dismiss as such. Many of plaintiff's complaints seek "one million non-deductible dollars" in damages. A brief review of his litigation history follows.

After affording plaintiff two opportunities to amend, plaintiff's first action, Belton v. City of New York, 04-CV-5373 (DGT), filed December 9, 2004, alleging false arrest at Nu-Way grocery store in Brooklyn, was dismissed on February 23, 2005 pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted. Plaintiff's next three complaints, one filed on December 16, 2004 and two filed on January 20, 2005, alleging dissatisfaction with products or performance at various retail establishments, were dismissed *sua sponte* on February 23, 2005 for lack of subject matter jurisdiction. Belton v. Coby (Electronics), 04-CV-5472 (DGT); Belton v. Galaxy Outerwear, 04-CV-5473 (DGT); Belton v. Inventtech, 05-CV-323(DGT).

His fifth action, Belton v. City of New York, 05-CV-2937 (DGT), alleging that the transit police failed to secure his possessions when he was arrested in a subway station, filed June 20, 2005, and his sixth action, Belton v. City of New York, 06-CV-559, alleging that Rikers Island officials failed to return his library card upon his release, filed February 7, 2006, were dismissed for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Finally, plaintiff's complaint filed August 4, 2006, contained vague allegations of injury when backed up against a counter's edge while being held at Rikers Island. Belton v. City

of New York, 06CV3855(DGT). While the complaint failed to state a claim against any of the defendants, in an abundance of caution, the Court has afforded plaintiff an opportunity to file an amended complaint. Belton v. City of New York, 06-CV-3855 (DGT), Order dated September 19, 2006.

This is not the first court that has been peppered with Mr. Belton's litigation. After filing nine *in forma pauperis* actions in the United States District Court for the Southern District of New York, the Southern District barred plaintiff from any future filings without prior leave of the Court to do so. In an Order dated January 13, 2005, the Court reiterated that "the bar against any future filings by plaintiff without prior leave of the court remains in effect. The Clerk of Court is directed to return future applications from plaintiff unless he has requested and is granted leave to file." Belton v. N.Y.C.H.A., 05 Civ. 0339 (S.D.N.Y.) (MBM).

### III. The Instant Four Complaints

A. Belton v Health & Hospitals Corp., 06-CV-4362 ("Complaint A")

In this complaint, filed August 21, 2006, plaintiff seeks to bring medical malpractice and wrongful death claims against the defendants for the death of his mother, Betty Belton-Smith, from cancer on July 24, 2006. Ms. Belton-Smith was admitted to "Brooklyn Hospital" on July 4, 2006 "due to cancer complications," treated, released and then readmitted on the date of her death. Complaint A at 2. Plaintiff alleges that a biopsy performed at a medical facility "of which he remains unaware" "caused the disease to spread." Id.

The Court, in exercising its independent obligation to determine whether subject-matter jurisdiction exists, Arbaugh v. Y & H Corp., 126 S. Ct. 1235, 1244 (2006), finds no basis for the exercise of its subject-matter jurisdiction within the four corners of the complaint,

4

notwithstanding its liberal reading of the pleading. The subject matter jurisdiction of the federal courts is limited. Federal jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when the plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. Plaintiff's allegations do not establish a basis for federal jurisdiction based on diversity of citizenship because all of the parties are citizens of New York state. Nor does the complaint raise a federal question. Accordingly, the complaint, Belton v Health and Hospitals Corp., 06-CV-4362, filed *in forma pauperis* is dismissed for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

B. Belton v. United States General Post Office, 06-CV-4363 (DGT) ("Complaint B")

In this compliant, also filed August 21, 2006, plaintiff alleges that someone has tampered with his mail. His address is c/o General Delivery, New York, NY 10001-999. Complaint B at 1. Plaintiff alleges that when he mailed a "self-made patent procedure" to himself at that address, it had been opened "by an outside and unknown party" when he picked it up. Complaint B at 2. Plaintiff seeks twenty million dollars in damages "annually." Complaint B at 3.

The Court finds that there is no basis for subject matter jurisdiction over this complaint and dismisses the action on that basis. Fed. R. Civ. P. 12(h)(3). Plaintiff has not alleged, nor can the Court identify, any basis for the exercise of federal question or diversity jurisdiction, despite the fact that plaintiff has named an agency of the United States government as the defendant. The fact that an envelope received in the mail arrived opened is simply not a basis for a federal action. Thus, even if the Court had subject matter jurisdiction over the complaint, it would dismiss the action as frivolous. 28 U.S.C. § 1915(e)(2)(B)(I).

C. Belton v. Food & Drug Administration, 06-CV-4845 ("Complaint C")

In this action, filed August 24, 2006, plaintiff informs the Court that he has read a newspaper article which states that the FDA has approved a "bacteria-killing" food additive to protect pregnant women and newborns from bacteria. Plaintiff hypothesizes that with this advancement, a "special foods section should be innovated" for people with severe allergies, like himself. Plaintiff seeks one million dollars in damages. Not that the foregoing is lucid, but the balance of the complaint is incomprehensible to the Court.

In Denton v. Hernandez, 504 U.S. 25 (1992), the Supreme Court noted that:

> the *in forma pauperis* statute . . . 'accords judges not only the authority to dismiss a claim based on an indisputable meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'

Denton, 504 U.S. at 32 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible whether or not there are judicially noticeable facts available to contradict them." Denton, 504 U.S. at 33.

This Court finds that plaintiff's complaint is delusional and completely devoid of merit. Therefore, the complaint, Belton v. Food & Drug Administration, 06-CV-4845, filed *in forma pauperis*, is dismissed as frivolous. 28 U.S.C. § 1915(e)(2)(B)(ii).

D. Belton v. New York City Transit Authority, 06-CV-5063 (DGT) ("Complaint D")

In this action, filed September 14, 2006, plaintiff alleges that on August 16, 2006, an employee of the New York City Transit Authority accidentally toppled plaintiff's shopping cart in which he had his belongings, including a computer monitor, on a Manhattan subway platform. Complaint D at 1-3. Plaintiff alleges that the garbage bag the defendant was toting caught his

"cart's support rod then turned the buggy over." Id. at 3. Plaintiff is concerned that the monitor has been damaged. He seeks one million dollars in damages.

Again, the Court sees no basis for the exercise of its subject matter jurisdiction, Fed. R. Civ. P. 12 (h)(3), and finds the complaint to be frivolous. 28 U.S.C. § 1915(e)(2)(B)(ii). Even if the Court were to construe the complaint extremely liberally as alleging a civil rights violation by a state actor pursuant to 42 U.S.C. § 1983, plaintiff has failed to allege the violation of any constitutional right. See Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994 ) (In order to maintain a §1983 action, a plaintiff must allege two essential elements: (1) "the conduct complained of must have been committed by a person acting under color of state law; and, (2)"the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." ) Accordingly, this action, Belton v. New York City Transit Authority, 06-CV-5063, filed *in forma pauperis*, is dismissed. 28 U.S.C. § 1915(e)(2)(B).

## Conclusion

Accordingly, the four complaints, filed *in forma pauperis* under 28 U.S.C. 1915(a)(1), are dismissed. Belton v Health and Hospitals Corp., 06-CV-4362 and Belton v. United States General Post Office, 06-CV-4363 (DGT) are dismissed for lack of subject- matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Belton v. Food & Drug Administration, 06-CV-4845 (DGT) is dismissed as frivolous, 28 U.S.C. § 1915(e)(2)(B)(ii), and Belton v. New York City Transit Authority, 06-CV-5063 (DGT), is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B(ii).

Moreover, plaintiff's repeated filing of meritless actions, detailed herein, shall no longer

be tolerated by the Court. Accordingly, plaintiff is hereby warned that any future action which he may file can be reviewed and if plaintiff files any further baseless actions, the Court may enter an order barring the acceptance of any future complaints for filing without first obtaining leave of Court to do so. 28 U.S.C. § 1651. The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

DAVID G. TRAGER,
United States District Judge

Dated: Brooklyn, New York
October 4, 2006